IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEVON NEWTON,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     CIVIL ACTION NO. 25-261-KSM |
| | : |
| CERTIFIED EMERGENCY<br>RESPONSE TEAM, *et al.*,<br>    Defendants. | :<br>:<br>: |

<u>MEMORANDUM</u>

Marston, J.                                                                                                  April 2, 2025

Pro se Plaintiff Devon Newton brings this civil action against several Philadelphia Department of Prisons ("PDP") employees, teams, and facilities.[1] (Doc. No. 2.) Newton also seeks leave to proceed *in forma pauperis*. (*See* Doc. No. 1.) For the following reasons, the Court grants Newton's application to proceed *in forma pauperis* and dismiss his Complaint in part with prejudice and in part without prejudice. He will be given an opportunity to file an amended complaint if he can correct the deficiencies noted by the Court as to the claims dismissed without prejudice.

I.      FACTUAL ALLEGATIONS[2]

Newton's factual allegations are cryptic and difficult to follow. To the extent discernable, he asserts that on August 9, 2022, he was pepper sprayed and strip searched by

---

[1] The named Defendants listed in the Complaint are: (1) Certified Emergency Response Team ("CERT"), (2) "the Correctional Officers, Sergeants, Lieutenants, Captains, Deputy Warden and Warden of Curran-Fromhold Correctional Facility ['CFCF']", (3) Correctional Officer Gonzalez, (4) Correctional Officer Boone, (5) Philadelphia Industrial Correctional Center ("PICC"), (6) Riverside Correctional Facility ("RCF"), (7) the Detention Center ("DC"), (8) the "Administration of State Road," and (9) Commissioner Carney. (Doc. No. 2 at 2, 6.) The Clerk of Court failed to list Officers Gonzalez and Boone on the docket and will be directed to do so in the accompanying Order.

[2] The factual allegations set forth in this Memorandum are taken from the Complaint (Doc. No. 2), which consists of the Court's preprinted form available for prisoners to file civil rights claims as well as handwritten pages. The Court adopts the sequential pagination supplied by the CM/ECF docketing

unspecified individuals either at PICC or CFCF.[3]  (Doc. No. 2 at 4–5, 7 (stating the events giving rise to his claims occurred at "CFCF" and "PICC").)  He claims that the pepper spray placed his eye sight at risk and caused him "excruciating pain[,]" "seizure type heart anxiety[,]" hair loss, and weight loss.  (*Id*. at 7–8.)  He appears to allege that the search was done as part of a "shakedown" on certain inmates who had filed civil suits.  (*Id*. at 7.)  He seeks $66,600,000 in damages.  (*Id*. at 8.)

II.     **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

Because Newton is unable to pay the filing fee in this matter, the Court grants him leave to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(a) (stating that the Court may authorize the commencement of a lawsuit "without prepayment of fees or security" upon a showing that a litigant is "unable to pay such fees or give security therefor").

III.    **SCREENING UNDER § 1915(E)**

Because the Court grants Newton leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state "a claim on which relief may be granted."  *See id.* ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—the action or appeal fails to state a claim on which relief may be granted.").

---

system to the entire submission.  Punctuation, spelling, and capitalization errors in the Complaint have been cleaned up.

[3] Public records reflect that on August 9, 2022, Newton was a pretrial detainee within the Philadelphia prison system.  *See Commonwealth v. Newton*, CP-51-CR-0005064-2022.  The Court may take judicial notice of the information published on a government website.  *See Vanderklok v. United States*, 868 F.3d 189, 205 (3d Cir. 2017) ("To the extent that we rely on information beyond what the government included in its amicus brief, that information is publicly available on government websites and therefore we take judicial notice of it.").

### A. Legal Standard

In analyzing a complaint under § 1915(e)(2)(B)(ii), the Court uses the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). So, the Court must determine whether Newton's Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). Conclusory allegations do not suffice. *Id.* However, because Newton is proceeding pro se, the Court liberally construes the allegations in his Complaint. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established.").

### B. Analysis

Because Newton alleges that he was subject to excessive use of force and an unreasonable strip search, the Court understands him to be asserting Fourth and Fourteenth Amendment claims against the named Defendants, although the exact nature of his claims remains unclear. (*See* Doc. No. 2 at 7 ("My 4th Amendment was ignored, confiscated, and violated.").) The vehicle by which federal constitutional claims may be brought against state actors in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law."). The Court addresses Newton's claims against the prisons before turning to his claims against the individual Defendants.

### 1.     Claims Against Prisons

Newton names PICC, RCF, and DC as Defendants. (Doc. No. 2 at 2.) But a prison is not a "person" under Section 1983. *Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010); *Miller v. Curran-Fromhold Corr. Facility*, No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cnty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976)). Accordingly, Newton's claims against the various facilities are dismissed with prejudice.

### 2.     Claims Against Individual Defendants

That leaves Newton's claims against "Commissioner Carney,"[4] Correctional Officers Gonzalez and Boone, and the Warden and Deputy Warden of CFCF, as well as multiple defendants referred to only by their title or membership in a group. (Doc. No. 2 at 2.) For three reasons, Newton's claims against these Defendants are not plausible.

First, Newton has not alleged what each of these Defendants did to violate his civil rights. (*See generally id*.) "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Jutrowski v. Township of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct." (quoting *Iqbal*, 556 U.S. at 677)); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).

---

[4] The Court understands Newton to be suing Blanche Carney, former Commissioner of the Philadelphia Department of Prisons.

4

Newton asserts that he was strip searched and pepper sprayed but does not allege which individuals, if any, were involved in those incidents.  (*See* Doc. No. 2 at 7–8.)  For his claims to be plausible, Newton must allege sufficient facts for the court to reasonably infer that each defendant is liable for the alleged misconduct.  *Iqbal*, 556 U.S. at 678.  Newton's allegation that his "4th Amendment [rights] w[ere] ignored, confiscated and violated" (Doc. No. 2 at 7) is conclusory and insufficient to allege a plausible claim against any individual.  *Iqbal*, 556 U.S. at 678.  Likewise, his vague reference to "chemical warfare of pepper spray seizing my eyesight" (Doc. No. 2 at 7) does not state a claim against any Defendant.

Second, to the extent Newton asserts claims against Commissioner Carney and the Warden and Deputy Warden of CFCF based merely on their supervisory roles within the prison system, those claims are not plausible.  "Suits against high-level government officials must satisfy the general requirements for supervisory liability."  *Wharton v. Danberg*, 854 F.3d 234, 243 (3d Cir. 2017).  There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates."  *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015).  First, a supervisor may be liable if he or she, "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm."  *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)).  "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct."  *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 227 (3d Cir. 2015).  Because Newton does not allege any facts from which the Court can infer that the

supervisory Defendants are liable for his constitutional injuries, his claims against them are not plausible.

Last, Newton names several groups of prison employees, including the "Administration of State Road,"[5] "Certified Emergency Response Team," and "the Correctional Officers, Sergeants, Lieutenants, [and] Captains . . . of Curran-Fromhold Correctional Facility." (Doc. No. 2 at 2.) It is not proper, however, to "group all prison officials together in broad-based categories . . . without articulating how each defendant was involved in the alleged violation of his rights." *Hernandez v. Delaware County*, No. 22-4187, 2023 WL 349254, at *3 (E.D. Pa. Jan. 20, 2023). Accordingly, the claims against these Defendants are dismissed. To the extent Newton can allege facts as to how specific individuals within these groups violated his constitutional rights, he may file an amended complaint that identifies them and explains the basis for his claims.[6]

---

[5] It is unclear what Newton means when he references the "Administration of State Road." The Court assumes for purposes of this Memorandum that this too is a reference to a group of CFCF employees. To the extent he means something else, he should clarify that in any amended complaint.

[6] If Newton chooses to file an amended complaint against Defendants who are referred to only by their titles, e.g., "the Correctional Officers, Sergeants, Lieutenants, Captains and Deputy Warden and Warden," he should be mindful that referring to an unknown defendant by a title or as a "John Doe" can be acceptable when specific individuals' identities are unknown but can be determined through discovery. *See Miller v. Bedford County*, No. 18-10, 2018 WL 5624175, at *3 (W.D. Pa. Aug. 10, 2018) ("Although it is permissible to name a John Doe defendant when the identity of a specific person is unknown but can be ascertained through discovery . . . the use of a John Doe designation for a floating class of individuals in the hopes of tolling the statute of limitations should a cause of action come to light against new individuals is disfavored."), *report and recommendation adopted*, 2018 WL 5619709 (W.D. Pa. Oct. 30, 2018). Newton's current Complaint does not describe the actions of these unknown Defendants or provide other details that would permit their identities to be determined through discovery. If Newton files an amended complaint and names multiple John or Jane Doe defendants, he should be careful to specify to which unknown defendant he refers in any given allegation so that each unknown person's role in the incident is clear. He may do so by listing the John or Jane Does by number, ensuring that the role of that numbered person is consistent and differentiated from other unknown numbered persons. Newton is on notice, however, that without the name of at least one individual or entity, the Court may be unable to direct service of any amended complaint that he may file.

In sum, Newton's § 1983 claims are dismissed against the non-prison Defendants. This dismissal is, however, without prejudice to Newton's right to file an amended complaint to the extent he can cure the deficiencies identified above.

## IV.   CONCLUSION

For the reasons stated, the Court dismisses the Complaint in part with prejudice and in part without prejudice. The claims against Defendants "Administration of State Road," CERT, the Correctional Officers, Sergeants, Lieutenants, Captains, Deputy Warden and Warden of CFCF, Correctional Officer Gonzalez, Correctional Officer Boone, and Commissioner Carney are dismissed without prejudice. The remaining Defendants are dismissed with prejudice. An appropriate Order with additional information about amendment will be entered separately.